FILED

SEP 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO AMAYA-MEJIA, | No. 11-71133 |
| Petitioner, | |
| v. | Agency No. A038-855-083 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ernesto Amaya-Mejia, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. *See Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 942 n.1 (9th Cir. 2007). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Amaya-Mejia does not contend he suffered past persecution. He contends he fears harm from gangs and inadequate medical care in El Salvador. Substantial evidence supports the agency's determination that Amaya-Mejia failed to establish a clear probability of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Amaya-Mejia's CAT claim because he failed to show that it is more likely than not that the Salvadoran government would consent or acquiesce to his torture by gangs or by intentionally depriving him of medical care. *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008) (holding that to constitute torture, the act must be specifically intended to inflict severe physical or mental pain or suffering).

**PETITION FOR REVIEW DENIED.**

11-71133